UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY RIGGS, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>SCRIPPS MEMORIAL HOSPITAL ENCINITAS, et al.,<br><br>  Defendants. | Case No.: 3:24-cv-323-JM-MSB<br><br>**ORDER ON NOTICE TO SUBSTITUTE; APPLICATION FOR ORDER ESTABLISHING TIME FOR FEDERAL DEFENDANT TO RESPOND TO PLAINTIFFS' COMPLAINT** |

Plaintiffs Britttany and Caley Riggs, as individuals and successors-in-interest, bring this wrongful death and medical malpractice action against Defendants alleging negligence in the care of decedent Charles Rigg. (Doc. No. 1-2). The case was originally filed in San Diego Superior Court on November 14, 2023 and removed to this court on February 21, 2024. (Doc. No. 1). Presently before the court is: (1) the Notice of Substitution, filed by the United States, to substitute itself in place of Defendant Kaitlyn Benson, D.O. (Doc. No. 4); and (2) the United States' *Ex Parte* Application for an Order Establishing Time for Federal Defendant to Respond to Plaintiffs' Complaint" (Doc. No. 5).

///

## I. Notice of Substitute

In its Notice, the United States requests that it be substituted in place of Defendant Kaitlyn Benson under the Federal Tort Claims Act ("FTCA").  (Doc. No. 4).

The FTCA provides that a suit against the United States shall be the exclusive remedy for persons alleging damages resulting "from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 USCS § 2679(b)(1); *see Estate of Carlos Escobar Mejia v. United States*, No. 20-cv-2454-L-KSC, 2022 U.S. Dist. LEXIS 240035, at *7 (S.D. Cal. Dec. 2, 2022) ("[T]he only proper defendant in a suit under the FTCA is the Government."); *Reynoso v. Pascasio*, No. 20CV1425-GPC(LL), 2020 U.S. Dist. LEXIS 157916, at *3–4 (S.D. Cal. Aug. 31, 2020).

"Under the Westfall Act, 28 U.S.C. § 2679(d), the Attorney General may certify that a 'defendant employee was acting within the scope of his office or employment [for the United States government] at the time of the incident out of which the claim arose.'" *Wilson v. Horton's Towing*, 906 F.3d 773, 780 (9th Cir. 2018) (quoting 28 U.S.C. § 2679(d)(1)).  "In such cases, the action 'shall be deemed an action against the United States,' and 'the United States shall be substituted as the party defendant.'" *Id.* (quoting 28 U.S.C. §§ 2679(d)(1)).  "Certification by the Attorney General is *prima facie* evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged." *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995); *see Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017).

"The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory authorization that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose."  28 CFR § 15.4(a).  In turn, the United States Attorney for the Southern District of California has delegated certification authority to the Chief of the Civil Division.  (Doc. No. 4 at ¶ 3).

Here, Assistant United States Attorney Katherine Parker, Chief of the Civil Division for the Southern District of California, has certified that at the time of the conduct alleged, Defendant Kaitlyn Benson was acting within the scope of her employment as an employee of the United States Department of Navy. (Doc. No. 1-5 at 2). At the time of this Order, Plaintiffs do not challenge the certification.

For the above reasons, the court **GRANTS** the United States' Motion to Substitute. **IT IS HEREBY ORDERED** that the United States shall be substituted as the Defendant herein, in place of Defendant Kaitlyn Benson, as to the claims raised in Plaintiffs' Complaint. Defendant Kaitlyn Benson is hereby **DISMISSED** from this action **WITHOUT PREJUDICE.**

**II.   Application Establishing Time for United States to Respond**

In its Application, the United States requests that the court issue an order establishing that the United States has sixty days from the date of removal to respond to Plaintiffs' Complaint. (Doc. No. 5). No Party opposes the request. (Doc. No. 5-1 at ¶ 3).

Under Federal Rule of Civil Procedure 81, after removal, a defendant who has not yet filed a responsive pleading must do so within the longer of either: (1) "21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;"; (2) "21 days after being served with the summons for an initial pleading on file at the time of service; or"; (3) "7 days after the notice of removal is filed." Fed. R. Civ. P. 81(c). On the other hand, under Federal Rule of Civil Procedure 12(a)(2), if the United States, a United States agency, or a United States officer or employee are sued in their official capacity, they "must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney." Fed. R. Civ. P. (a)(2).

Here, since the United States would have had sixty days to answer Plaintiffs' Complaint if the case had been originally filed in this court, the court finds it appropriate to find that the United States is entitled to the same period of time to respond in this

1  removal action. *See Cal. Fair Plan Ass'n v. United States Dep't of Agric.*, No. 3:21-cv-
2  02099-BEN-KSC, 2021 U.S. Dist. LEXIS 244258, at *6 (S.D. Cal. Dec. 20, 2021)
3  (granting enlargement of time for Federal defendants to respond to complaint in a
4  removal action).

5      For these reasons, the court **GRANTS** the United States' Application. The United
6  States shall have sixty days from the date of removal to respond to Plaintiffs' Complaint.

7      **IT IS SO ORDERED.**

8  DATED: February 27, 2024

                                            JEFFREY T. MILLER
                                            United States District Judge